In the Matter of RICHARD J. LEWIS, JR., an Attorney, Respondent. BAR ASSOCIATION OF NASSAU COUNTY, NEW YORK, Petitioner.

Second Department, April 26, 1971.

*Lawrence M. Lally* for petitioner.

*Richard J. Lewis, Jr.,* respondent in person.

*Per Curiam.* The respondent was admitted to practice law on June 24, 1953 in the Second Judicial Department. He is charged with professional misconduct in three specifications. The Justice of the Supreme Court appointed to take testimony reports that all three specifications have been sustained. The petitioner now moves to confirm the report.

It was charged in the first specification that the respondent, who was retained by the complainant, the driver of an automobile, and his mother, a passenger, to prosecute their claims against the owner and driver of the other car for personal injuries allegedly sustained in a motor vehicle collision, at the same time undertook to prosecute the similar claims of the complainant's two relatives who were also passengers in his automobile. Since the action of the relatives would be against the owners and drivers of both vehicles, respondent thus placed himself "in a position of conflict of interest." It was further charged that: (1) he failed to file retainer statements with the Judicial Conference of the State of New York and to diligently prosecute their claims; (2) although all four clients resided in Suffolk County he selected Kings County as the venue of the actions, thereby prejudicing their rights in that "he knew or should have known that a general preference would be denied" because it was unavailable to nonresidents of Kings County; (3) he commenced the actions even though he did not have proof of injuries or damages and "knowing that he would be unable to secure [such] proof"; (4) he "displayed total lack of knowledge of basic rules and procedures applicable to personal injury actions"; and (5) he wrote to one of his clients implying that "meaningful negotiations" were pending with the defendant's

insurer when in fact none was in progress or thereafter commenced.

At the hearing before Mr. Justice PITTONI it was disclosed that during a period of more than eight years the respondent, contrary to fact, continued to assure the complainant that the case was being actively prosecuted and that it had been placed on the calendar. Moreover, although the respondent had been advised that the complainant's mother was then 79 years of age, and had promised he would consult with the Court Clerk to obtain a preference in the trial of the case, he failed to take any steps with respect thereto.

In his own behalf, the respondent testified that, although a retainer had been signed by the complainant, the other three plaintiffs had not, and no statements of retainer were filed; that, at that time, he did not know whether such filing was required; that he had laid venue in Kings County because the accident had occurred in that county; and that he was not then familiar with the rule governing general preferences. In effect, it was the respondent's defense that he could not proceed with the actions because of the plaintiffs' lack of co-operation. He admitted, however, that at no time did he ever negotiate with any insurance carrier for settlement of the cases and that, without ever notifying the three passenger plaintiffs, he had abandoned their actions.

Mr. Justice PITTONI found that all the factual allegations of the first specification had been proved and concluded that the respondent "showed ignorance of law, indifference to his clients' claims and inexcusable delay."

With respect to the remaining two specifications, the reporting Justice found the respondent guilty of professional misconduct in that: (1) in connection with a real estate transaction, he showed "ignorance of law" concerning the procedures governing a Torrens Law registration of title, and was indifferent to his clients' claims and inexcusably dilatory, completing his duties as an attorney only after petitioner had instituted these proceedings; and (2) he defaulted in an action brought against him by a lawbook publisher to recover the value of books purchased by him and ignored an order to show cause to punish him for contempt in proceedings to collect the amount of the default judgment entered against him, which he finally paid "only after petitioner began these proceedings."

In our opinion, the three specifications alleged in the petition were fully sustained by the proofs. Accordingly, the petitioner's motion to confirm the report is granted.

On the basis of the record here presented, we have determined that suspension from the practice of law for a period of one year,

commencing June 1, 1971, would be a suitable and appropriate discipline to be imposed upon the respondent.

RABIN, P. J., HOPKINS, MUNDER, MARTUSCELLO and LATHAM, JJ., concur.

Motion granted and respondent is suspended from the practice of law for a period of one year, commencing June 1, 1971.